# CHAPTER 11. STUDENT CONDUCT AND ACADEMIC INTEGRITY

## On This Page


- Subchapter 11–100. General Provisions
- Subchapter 11–200. Student Conduct Administration
- Subchapter 11–300. Definitions
- Subchapter 11–400. Prohibited Conduct
- Subchapter 11–500. Conduct Procedures
- Subchapter 11–600. Hearing
- Subchapter 11–700. Sanctions
- Subchapter 11–800. Appeal
- Subchapter 11–900. Disciplinary Records


## Subchapter 11–100. General Provisions

### Sec. 11–101. Preamble

a. As a member of The University of Texas at Austin community, students accept not only the rights and privileges of membership, but also the responsibility to uphold a long and steadfast tradition of excellence. In abiding by the core values of the University – learning, discovery, freedom, leadership, individual opportunity, and responsibility – and adhering to the tenets of academic integrity, students will uphold an Honor Code reflective of a scholarly community devoted to academic and personal success.
b. This Chapter contains rules for dealing with alleged violations of university policy in a manner consistent with the requirements of procedural due process and in accordance with The University of Texas System Rules and Board of Regents' Rule: 50101.

### Sec. 11–102. Application and Jurisdiction

a. The Dean of Students has primary authority and responsibility for the administration of the university process for students alleged to have engaged in conduct that violates this Chapter. The Dean of Students delegates authority to, and is represented by, Student Conduct and Academic Integrity during the administration of the conduct process.
b. Any student who engages in conduct that violates the institutional rules and policies, specific instructions issued by an administrative official of the institution or the University of Texas System acting in the course of his or her authorized duties, or federal, state, or local laws is subject to discipline.
c. The provisions of this rule cover conduct occurring on campus, as well as conduct occurring off-campus when the conduct substantially affects a person's education or employment with the University or poses a risk of harm to members of the University community. This Rule does not apply to matters subject to the University Handbook of Operating Procedures 3-3031 ("HOP 3-3031") as that policy's provisions control and require processing by the Department of Investigations and Adjudications.
d. Incidents that indicate possible violations of this Chapter and the University Handbook of Operating Procedures 3-3020 ("HOP 3-3020") may be jointly investigated jointly or concurrently by Student Conduct and the Department of Investigation and Adjudication ("DIA"), and the investigatory work produced as a result of the investigations may be shared between the two offices.
    1. In instances where an investigation by Student Conduct results in a finding of a violation of this Chapter, Student Conduct may consider a joint or concurrent finding of a violation of HOP 3-3020 as an aggravating factor in assessing appropriate sanctions.

e. University disciplinary action may be instituted against a student charged with conduct that potentially violates both the civil/criminal law and University policy or rules without regard to the existence, status, or pendency of civil or criminal litigation in court or criminal arrest and prosecution. Proceedings under this Chapter may be carried out prior to, simultaneously with, or following, or in the absence of criminal proceedings. Disciplinary decisions and sanctions imposed under this Chapter will not be subject to change based upon the outcome of criminal charges or decisions.
f. University disciplinary action instituted by Student Conduct will be based upon the "Preponderance of Evidence" standard. This standard is satisfied if the alleged violation is deemed more likely to have occurred than not. If an alternative set of facts is deemed to be equally plausible to the set of facts that would result in a finding of a violation, the standard is not met.
g. Administrative processing of any alleged violation of institutional rules will advance procedurally under *The General Information Catalog* that is in effect on the day that an allegation of misconduct is referred to Student Conduct receives notification of the alleged violation and not the date on which the alleged violation is noted to have occurred.
h. Following the finding of a violation and the resolution of a matter, the student is obligated to abide by the assessed sanctions. Failure to complete or meet the condition(s) of assessed sanctions may be considered an additional violation.
i. Student Conduct may reopen an investigation and/or re-engage the conduct process if it obtains new information regarding an allegation.

## Subchapter 11–200. Student Conduct Administration

### Sec. 11–201. Notice

a. Notification of conduct proceedings, including but not limited to notice of allegations, interim action, meeting requests, hearings, and resolution, shall be sent by Student Conduct to the student by letter or by e-mail, using addresses on file with the Office of the Registrar.
    1. A letter or email sent to an address listed in the registrar's records will constitute full and adequate notice.

b. The student's failure to provide and/or maintain current addresses, refusal to accept delivery of a letter, or failure to open an e-mail message will not constitute good cause for failure to comply with the meeting request. Policies on the use of e-mail for official correspondence are provided in Appendix M.

## Subchapter 11–300. Definitions

a. In this Chapter, unless the context requires a different meaning, the following definitions apply.
   1. "Academic Record" – University or University of Texas System documents relating to a student's scholastic record. Components of a student's academic record may include, but are not limited to, applications for admission, academic transcripts, the awarding of a degree, registration materials, grade change forms, and reporting forms used by the Office of the Registrar.
   2. "Administrative Disposition" – A written statement of the alleged conduct, institutional rule(s) implicated, investigative findings, assessed sanction(s), and resolution options, that is issued to a student as part of a Case Resolution Form.
   3. "Advisor" – A single individual who may accompany a student to a meeting with Student Conduct or a hearing regarding an alleged violation of this Chapter. An Advisor may confer with and advise the student but may not advocate for the student in a meeting with Student Conduct or in a hearing or directly address the Student Conduct Panel or Hearing Officer. An Advisor cannot be an individual allegedly involved in the same disciplinary matter as the accused student, or any individual who will serve as a witness for the accused student. Advisors may be dismissed from any meeting or conduct proceeding if they disrupt the process.
   4. "Appeal" – To contest the outcome of an Administrative Disposition or a Disciplinary Decision for an additional review.
   5. "Appellate Officer" – A person designated by the President to issue final decisions in a student conduct matter.
   6. "Case Resolution Form" - A form issued to a student found to have engaged in a violation of this Chapter, and which includes the Administrative Disposition and the available resolution options.
   7. "College Liaison" – An employee designated by each academic college that serves as the primary contact between Student Conduct and the academic college to facilitate communication and process regarding academic misconduct referrals and cases.
   8. "Day" – An 8:00 a.m. to 5:00 p.m. calendar day, excluding weekends, university holidays, and days on which regularly scheduled classes are suspended due to emergent situations. If a deadline defined in this Chapter falls on a Saturday, Sunday, university holiday, or skeleton crew day, that deadline will be moved to the next day.
   9. "Dean of Students" – The Dean of Students of The University of Texas at Austin or the Dean of Students' delegate or representative.
   10. "Disciplinary Decision" – A written decision issued by the Dean of Students following a conduct hearing that communicates whether a student is responsible or not responsible for a violation of this Chapter. The Disciplinary Decision includes the findings of fact in support of the decision along with the assessed sanction(s), if applicable.
   11. "Disciplinary Record" – A student record maintained by Student Conduct in connection with a violation or an alleged violation of this Chapter. The Disciplinary Record may include complaints, notices, hearing records, disciplinary decisions, and other documents required under this Chapter or deemed relevant by Student Conduct. Disciplinary Records may be disclosed to outside parties in accordance with subchapter 9–300 of the Institutional Rules.
   12. "Educational Release" – A method of case resolution (detailed in Sec. 11-504 of this Chatper) that is not formal discipline. A referral for misconduct is eligible for Educational Release upon the determination by the Dean of Students that a referral for misconduct is more appropriately handled via a method that is not discipline. A matter resolved via Educational Release is not considered discipline by the University and need not be reported by a student completing future applications at another institution.
   13. "Executive Director" – The Executive Director for Student Conduct and Academic Integrity in the Office of the Dean of Students.
   14. "Faculty Member" – A person who teaches a class as part of their employment, and who has authority to assign grades for the class.
   15. "Hearing" – A formal proceeding, as outlined in Section 11-600 of this Chapter, in which a student, accused of violating university policy as defined in this Chapter, may present their case to a Hearing Officer or a Student Conduct Panel.
   16. "Hearing Officer" – A university employee appointed by the President to conduct hearings and issue responsibility decision regarding alleged violations of policy.
   17. "Interim Action" – An immediate action taken against an accused student before completion of the student conduct process. Interim Action may include, but is not limited to, suspension, suspension of a right or privilege, or a prohibition from entering campus or any part of campus.
   18. "President" – The president of The University of Texas at Austin or the President's delegate or representative.
   19. "Responsibility Decision" - A written determination issued by a Hearing Officer following a conduct hearing, reflecting the Hearing Officer's determination on whether a student is responsible for a violation of this Chapter. This determination includes findings of fact and is submitted to the Dean of Students to make a Disciplinary Decision, including the assessment of sanctions, if applicable.
   20. "Responsibility Recommendation" - A written recommendation issued by a Student Conduct Panel following a conduct hearing, reflecting the panel's view on whether a student is responsible for a violation of this Chapter. This recommendation includes findings of fact and is submitted to the Dean of Students to make a Disciplinary Decision, including the assessment of sanctions, if applicable.
   21. "Referral" – A report received by Student Conduct alleging conduct that may rise to a violation of this Chapter.
   22. "Sanction" – Official action by the University against a student found responsible for a violation of the Institutional Rules. University sanctions include all items listed in Section 11-700 of this Chapter.
   23. "Student" – A person who is currently enrolled at the University, or who is accepted for admission or readmission to the University, or who has been enrolled at the University in a prior term and is eligible to continue enrollment in the term that immediately follows, or who is attending an educational program sponsored by the University while that person is on campus, or who engaged in prohibited conduct at a time when he or she met the above criteria. For the purposes of this Chapter, individuals who are not currently enrolled at the University remain subject to the disciplinary process for conduct that occurred while they were enrolled.
   24. "Student Conduct" – Refers to Student Conduct and Academic Integrity in the Office of the Dean of Students or its delegate or representative.
   25. "Student Conduct Board" (SCB) – A group comprised of students appointed by the President to serve on Student Conduct Panels.
   26. "Student Conduct Panel" (SCP) – The entity or group of persons composed of a combination of Hearing Officer(s) and member(s) of the Student Conduct Board, who conduct hearings and issue a written responsibility recommendation to the Dean of Students.
   27. "Title IX" – Refers to Title IX of the Education Amendments of 1972, Pub. L. 92-318, as amended by section 3 of Pub. L. 93-568, 88 Stat. 1855, except sections 904 and 906 thereof; 20 U.S.C. 1681, 1682, 1683, 1685, 1686.
   28. "Title IX Coordinator" – The employee of the University with major responsibility for Title IX compliance efforts and who is designated to handle complaints under Title IX.
   29. "University" – Refers to The University of Texas at Austin. For the purposes of this Chapter, "University" also includes all activities and programs sponsored by or affiliated with The University of Texas at Austin regardless of the actual location

where such activities or programs occur, including but not limited to, field trips, internships, rotations, and clinical assignments.

30. "Vice President for Student Affairs" – Refers to the Vice President for Student Affairs of The University of Texas at Austin, or the Vice President's delegate or representative.
31. "Witness" – A person who may have information or who provides testimony related to a complaint or referral, including the accused student.

## Subchapter 11–400. Prohibited Conduct

### Sec. 11–401. Academic Misconduct

a. Student Conduct or a Faculty Member may initiate conduct proceedings under subchapter 11–500 against a student suspected of engaging in or attempting to engage in academic misconduct, as defined in this section and which may consist of any of the following activities:
   1. **Copying –** copying answers or information from another individual's academic assignment;
   2. **Failure to Comply with Instructions –** failing to comply with instructions pertaining to an academic assignment or course requirement, and where that failure results in an unfair academic advantage;
   3. **Unauthorized Materials –** obtaining, accessing, or possessing materials without authorization, including but not limited to class notes, textbooks, calculators, online resources, and/or electronic devices;
   4. **Unauthorized Aid or Assistance** – providing aid or assistance to, or utilizing aid or assistance from, another individual or source without authorization, and pertaining to an academic assignment or course requirement;
   5. **Substitution** – substituting for another person, or permitting another person to substitute, to attend a class or complete any academic assignment or other course requirement;
   6. **Falsification or Fabrication** – falsifying or fabricating any information, data, or citation in any academic work offered for credit, or academic work done in conjunction with the completion of course or degree requirements;
   7. **Plagiarism**
      A. when a person represents another's material as their own work without attribution;
      B. when a person misrepresents citation or attribution for purposes of an academic advantage; or,
      C. when a person submits essentially the same work for two assignments without the permission of the Faculty Member.
   8. **Collusion** – unauthorized collaboration with another student or students;
   9. **Failure to Follow Course Requirements –** conduct that fails to adhere to standards promulgated by an academic unit or Faculty Member, and that is not otherwise constitutionally protected;
   10. **Other Academic Misconduct –** any activity in which a student receives or attempts to receive an unfair academic advantage.

### Sec. 11–402. Behavioral Misconduct

a. Student Conduct may initiate conduct proceedings under subchapter 11–500 against a student suspected of engaging in or attempting to engage in behavioral misconduct, as defined in this section and not otherwise controlled by another University policy or rule. Behavioral misconduct may consist of any of the following activities:
   1. **Local, State, or Federal Law Violations** – any behavior that may violate any federal, state, or local law, ordinance, or regulation;
   2. **Weapons** – possesses, uses, or displays firearms, facsimile firearms, ammunition, explosives, or other items that could be used as weapons, including but not limited to sticks, poles, clubs, swords, shields, body-armor or make shift body-armor, masks, helmets and other garments, such as sporting protective gear, that alone or in combination could be reasonably construed as weapons or body-armor on property owned or controlled by the University, without written permission from the Dean of Students, unless authorized by federal, state or local laws; or, violates Policy 8-1060, Campus Carry, of the Handbook of Operating Procedures;
   3. **Dangerous Materials –** unauthorized use of a hazardous substance (chemicals, fireworks, explosives, etc.) with the intent to cause harm, threat, or fear;
   4. **Threatening or Endangering Behavior –** any behavior that threatens or endangers the health or safety of any student, employee, or visitor to the University;
   5. **Theft –** use, possession, taking, or removal of property, services, or resources of others without permission or authorization;
   6. **Hazing or Hazing Activity** – any intentional, knowing, or reckless act, occurring on or off of the campus of an educational institution, by one person alone or acting with others, directed against a person, for the purpose of pledging, joining, being initiated into, affiliating with, holding office in, or maintaining membership in any organization, and for which consent may not serve as a defense. Hazing includes but is not limited to:
      A. any type of physical brutality, such as whipping, beating, striking, branding, electric shocking, placing of a harmful substance in or on the body, or similar activity;
      B. any type of physical activity that involves or results in sleep deprivation, exposure to the elements, confinement in a small space, calisthenics, or other activity that subjects the person to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the person;
      C. any activity involving consumption of a food, liquid, alcoholic beverage, liquor, drug, or other substance, in addition to those described by Paragraph E, that subjects the person to an unreasonable risk of harm or that adversely affects the mental or physical health or safety of the person;
      D. any activity that subjects a person to conduct or circumstance that adversely affects the mental health, physical health, or property of others, and which affects were reasonably foreseeable;
      E. any activity that involves coercing, as defined by Section 1.07 Penal Code, a student to consume a drug or an alcoholic beverage or liquor in any amount.;
      F. any activity that induces, causes, or requires the person to perform a duty or task that involves a violation of the Penal Code. See Texas Education Code, Section 37.151(6) for more information;
   7. **Alcohol Misconduct**
      A. engages in unauthorized use, possession, sale, distribution, or consumption of alcoholic beverages, on or in university property, including but not limited to a classroom, laboratory, auditorium, office, athletic facility, or residence hall;
      B. engages in the improper use, possession, sale, distribution, or consumption of alcoholic beverages, including but not limited to underage possession of alcohol, underage consumption of alcohol, providing alcohol to a minor, public intoxication, minor driving under the influence of alcohol, or driving while intoxicated;
   8. **Drugs**
      A. engages in the unauthorized use or possession of a drug, or possession of drug paraphernalia;
      B. engages in the unauthorized sale or distribution of a drug;

9. **Harassment –** hostile or threatening conduct that:
   A. is sufficiently severe, pervasive, and objectively offensive to create an objectively hostile or threatening environment that interferes with or diminishes the impacted party's ability to participate in or benefit from the services, activities, or privileges provided by the University; and
   B. is personally directed to one or more specific individuals.
      i. When harassment is sex or gender based, the harassment provision in HOP 3-3031 applies over this policy's harassment provision.
      ii. Sec. 13-204 of the Institutional Rules addresses verbal harassment.

10. **Property**
   A. **Unauthorized Use** – engages in unauthorized use of property, keys, equipment, resources, supplies, buildings, or facilities owned or controlled by the University or The University of Texas System;
   B. **Unauthorized Entry** – engages in unauthorized entry into or onto property owned or controlled by the University or The University of Texas System;
   C. **Damage** – damages, defaces, destroys, or tampers with property of the University, property belonging to any student or employee of the University, or property of a visitor to the University;
   D. **Water and Fountains** – enters, remains, or is in the water of any fountain or other artificial body of water on the university campus that is not designed and maintained for recreational or therapeutic purposes; dumps, throws, places, or causes to be placed any material, object, trash, person, animal, waste, or debris in the water of any fountain or other artificial body of water located on the University campus;

11. **Technology Misuse**
   A. engages in unauthorized use of an information technology resource owned or controlled by the University or The University of Texas System;
   B. engages in unauthorized access or entry into a computer, computer system, network, database, software, or data;
   C. engages in unauthorized downloading, copying, or distribution of computer software or data;

12. **Stalking** – a course of conduct directed at a specific person that would cause a reasonable person to fear for the person's safety or the safety of others and causes that person to fear for their safety or suffer substantial emotional distress. (Please note that Stalking as defined here is separate from the gender or sex-based stalking rule included in HOP 3-3031.)
   A. A "course of conduct" means two or more acts in which a person directly, indirectly or through third parties, by any action, method, device or means, follows, monitors, observes, surveils, threatens or communicates to or about a person or interferes with a person's property.
   B. "Reasonable person" means a hypothetical person of average caution and prudence under similar circumstances to the complainant.
   C. "Substantial emotional distress" means significant mental suffering or anguish that disrupts or impairs usual functioning. It may, but does not necessarily, require medical or other professional treatment or counseling.

13. **False and Misleading Information**
   A. engages in the falsification of academic records, including but not limited to altering or assisting in the alteration of any official record of the University or The University of Texas System and submitting false information or omitting requested information that is required for or related to any academic record of the University or The University of Texas System. Academic records include, but are not limited to, applications for admission, the awarding of a degree, registration materials, grade change forms, and reporting forms used by the Office of the Registrar;
   B. furnishes false information to or withholds material information from any university official, Faculty Member, or staff member acting in the course of their duties;
   C. alters or assists in the alteration of any official nonacademic record or document, including parking permits and athletic tickets, of any university office or of The University of Texas System.

14. **Unauthorized Surveillance or Distribution**
   A. engages in surveillance or recording of any type without the consent of the person or persons being surveilled or recorded in areas where there is a reasonable expectation of privacy;
   B. engages in broadcasting or distribution, without the consent of all involved parties, of a recording or other surveilled material, that meets the definition of Unauthorized Surveillance in Sec. 11-402(a)(17)(A).

15. **Disruptive Conduct**
   A. engages in conduct that interferes with or disrupts university activities, including but not limited to any teaching, research, administrative, disciplinary, public service, learning, or other authorized activity;
   B. engages in promoting or inciting conduct that interferes with or disrupts university activities, including but not limited to any teaching, research, administrative, disciplinary, public service, learning, or other authorized activity;

16. **Failure to Comply**
   A. failure to comply with the directives of any university official(s) acting in the performance of their duties, and who has the authorization to issue such directives;
   B. failure to identify oneself to a university official(s) when requested to do so.
      i. A person provides identification by giving their name and complete address, substantiated by a current driver's license, voter registration card, or other official documentation, and by stating truthfully whether or not they are a student or employee of the University.

   C. failure to comply with rules, regulations, procedures, policies, standards of conduct, or any other directive of the university, including but not limited to schools, colleges, departments, or labs;

17. **Targeted Residential Disturbance** - engages in conduct that violates federal or state law, or city ordinance, either individually or in concert with others, and in close proximity to a University employee's residence, that intimidate the employee or otherwise diminishes the employee's or their fellow residents' ability to maintain the peaceful enjoyment of their home.
18. **Violent Conduct –** any conduct intended to physically harm or injure a person;
19. **Animal Cruelty**
   A. Intentionally, knowingly, or recklessly torturing or in a cruel manner killing or causing serious bodily injury to an animal;
   B. Failing to provide proper care or safety for an animal in a person's custody, including but not limited to failing to provide necessary food or water, unreasonably abandoning an animal, or transporting or confining an animal in a cruel manner;
   C. any other conduct with an animal that may violate any provision of federal, state, or local laws;
      i. Conduct occurring solely for the purpose of or in support of fishing, hunting, or trapping; or wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law; or animal

husbandry or agriculture practice involving livestock animals shall not be interpreted as a violation of this rule.

20. **University System Violations** – any conduct that violates any provision of the Regents' *Rules and Regulations* of The University of Texas System;
21. **Retaliation –** any action taken to adversely affect the terms or conditions of an individual's academic experience or employment with the University, or other institutional status of a student, employee, university affiliate, visitor, or applicant for admission to or employment with the University, because an individual has, in good faith:
    A. reported or intends to make a report under university policies or rules;
    B. opposed an unlawful practice;
    C. participated in an investigation or conduct proceeding; or,
    D. requested supportive or protective measures;
22. **Residence Hall Manual Violations** – any conduct that violates any provision of the *Residence Hall Manual*.
23. **Institutional Rules or other University Policy Violations** – any conduct that violates any provision or rule defined in other chapters of the *Institutional Rules on Student Services and Activities or the Handbook of Operating Procedures.*

## Subchapter 11–500. Conduct Procedures

The Dean of Students utilizes the following procedures in working with students and campus partners. Dean of Students maintains the authority and discretion to take other necessary and appropriate actions in the interest of students, their development, and the University.

### Sec. 11–501. Investigation

a. When Student Conduct receives information that a student has allegedly violated university policy, Student Conduct will perform an initial assessment and determine, based on the information contained in the referral, if an investigation is merited, or if the referral shall be maintained without further action. If further investigation is merited, Student Conduct will conduct an investigation into the allegation(s), which will include an opportunity for the student to hear and respond
b. After conducting the investigation, Student Conduct will:
    1. Issue a No Finding Letter in instances where the preponderance of the evidence does not support the finding of a violation; or
    2. Issue an Administrative Disposition in instances where the preponderance of the evidence supports the finding of violation, and which shall include:
        A. any assessed sanction(s).
        B. the specific section(s) of this Chapter the student has violated; and
        C. the basis for the finding of a violation;
        D. the results of the investigation;
c. Scientific Misconduct or Misconduct in Other Scholarly Research
    1. If the information received by Student Conduct makes allegations of misconduct in scientific or other scholarly research, Student Conduct will refer the information to the Vice President for Research and/or the Research Integrity Officer for further investigation in accordance with the Handbook of Operating Procedures, 7-1230.
    2. The findings will be set forth in an investigation report. The report will then be provided to Student Conduct for adjudication of any academic integrity violations that may be outlined in the report.
    3. Additional Information regarding the Scientific Misconduct or Misconduct in Other Scholarly Research can be found at http://www.policies.utexas.edu/policies/misconduct-science-and-other-scholarly-activities
d. Investigations involving students enrolled in the Dell Medical School
    1. If Student Conduct receives a referral involving a student enrolled in the Dell Medical School, Student Conduct will notify the dean of the Dell Medical School or designee. Prior to the final resolution of an incident involving a student enrolled in the Dell Medical School, Student Conduct shall consult the dean or designee to determine appropriate sanctions consistent with the professional standards outlined by the Dell Medical school and other applicable university rules.
    2. Additional information regarding the professional standards of the Dell Medical School can be found at https://dellmed.utexas.edu/education/student-resources.

### Sec. 11–502. Interim Action

a. Pending an investigation, hearing, or outcome of the allegations against a student, the Executive Director may take immediate interim action appropriate to the circumstances including instances when the continuing presence of the student: (i) poses an immediate or potential danger to persons or property, or (ii) disrupts the academic process, or any activity authorized by the University.
b. The Executive Director may take the following actions: suspending the student's access to the entirety or selected parts of campus (including campus residence halls), prohibiting a student from attending in-person and/or virtual classes, altering the status of the student, withholding grades or an official transcript, or denying the conferral of a degree while the conduct process is ongoing and where the matter will not be resolved until after the completion of all degree requirements, or any other actions deemed necessary to address the risk presented by the student.
c. Notice of the interim action shall be sent to the student in accordance with Sec. 11-201 of this Chapter.
d. A student subject to interim action under Sec. 11–502(a) may meet with the Dean of Students to contest the interim action. A request for a meeting under this subsection must be submitted in writing to the Dean of Students no more than five (5) days after the student is notified (in accordance with Sec. 11-201) that the interim action was taken. If a meeting is requested by the student, such a meeting generally will be conducted within five (5) days after the request for a meeting is made, unless the student agrees in writing to a meeting at a later time. At the discretion of the Dean of Students, the five-day period may be extended for a period not to exceed an additional five days.
    1. During the meeting with the Dean of Students, the student may present documentation or other evidence for review in consideration of lifting or altering the interim action. The Dean of Students shall make every effort to issue a written decision within three (3) days of the meeting regarding whether the decision to take interim action will be reversed, altered, or otherwise left unchanged. If the Dean of Students is unable to issue the written decision within five days, the Dean shall provide notice of the delay and the new date for completion to the student.
e. A student is subject to disciplinary action for prohibited conduct that takes place during a period of interim disciplinary action imposed under Sec. 11-502(a).

### Sec. 11–503. Meeting with a Student

a. Student Conduct may require a meeting with a student in connection with an alleged violation of this Chapter.

b. Notice of the meeting shall be sent by Student Conduct to the student in accordance with Sec. 11-201 of this Chapter. The message will direct the student to appear at a specific time and place at least two (2) days after the date of the message.
c. Student Conduct may issue a registration hold, cancel the enrollment, or otherwise alter the status of a student (or of a former student as described in Sec. 11–300(22)) who fails without good cause to comply with a meeting notice sent in accordance with Sec. 11–503(b) until the student complies. If a student fails to appear for a required meeting, or otherwise fails to participate in an investigation into an allegation of misconduct, Student Conduct may proceed with resolving the matter based upon the available information and without the student's participation in the process.

### Sec. 11–504. Educational Release

a. The University is committed to the growth and development of its students in all University interactions. The Educational Release path recognizes that, in some circumstances where a violation of the Institutional Rules may have occurred, the interests of fairness, proportionality, and student learning may be best served by partnering with students in a manner that does not result in a formal finding of responsibility or the creation of a disciplinary file. The Dean of Students develops and maintains the parameters for when Educational Release may be implemented for all matters referred to Student Conduct. The Dean of Students has discretion to adjust these parameters in the interest of fairness, proportionality, and student learning.
b. Designated Student Conduct staff shall review all referred conduct matters in accordance with the Educational Release parameters established by the dean. Following this review, or at any subsequent point during the administration of the conduct process, when staff believe those parameters are met, Student Conduct shall recommend the matter to the Dean of Students for the dean's consideration and determination as to whether the matter meets the established parameters. The Dean of Students maintains discretion to direct any student conduct matter to the dean for review under the established parameters.
c. Educational Release review shall not be used to negotiate, pressure, or induce a student to agree to culpability of alleged violations.
d. The Dean of Students shall assess the matter and make the determination regarding whether Educational Release is appropriate. In making the determination, the Dean of Students may require the student to attend a meeting with the dean or provide additional information, and may request further information from the Student Conduct staff or other University personnel.
e. The determination by the Dean of Students shall state whether the matter will proceed via Educational Release or be directed back to Student Conduct for further processing, which may include the issuance of an Administrative Disposition in accordance with Sec. 11-505 of the Institutional Rules.
    1. If directed back to Student Conduct, the determination shall provide notice to the student of the next steps in that process. It will also notify the student that they may seek review as set out below at Section 11-504(g);
f. If proceeding via Educational Release, the student will be notified and assigned actions tailored to support positive character development and learning. Other conditions may be implemented at the dean's discretion. Successful completion of the Educational Release actions and meeting assigned conditions fully resolves the referred matter.
    1. Failure to complete assigned actions and meet any other conditions required under the Educational Release may result in the matter being reinstated with Student Conduct, an Administrative Disposition being issued, and the conduct process continued in accordance with Sec. 11-505 of the Institutional Rules.
g. Review of Educational Release decision. A student may accept the dean's determination on the availability of Educational Release for the matter or may seek review of that determination.
    1. Failure to seek review within 3 business days of the issuance of the dean's determination makes the determination final and not reviewable upon student request.
    2. If timely review is requested, the Vice President for Student Affairs will review the determination and will issue a decision, as soon as is practicable, either upholding or reversing the determination. The student may accept that decision or within 3 business days of its issuance, petition the president for review.
    3. The petition to the president is denied by operation of this rule after 3 business days if the president does not provide notice accepting presidential review. If accepted, the president will either uphold or reverse the previous determination. The president's decision is final and unappealable.
h. **Not reportable as discipline.** A matter resolved via Educational Release is not considered University action, sanction, or discipline against the student. It is not a finding that any rule or policy has been violated.
    1. Record of the Educational Release will be maintained by the Dean of Students in accordance with record retention policy outlined in Chapter 9 of the Institutional Rules.
i. Nothing in this rule's provisions shall be construed to prohibit the Dean of Students from implementing an Educational Release path for any matter, at any time.

### Sec. 11–505. Administrative Disposition

a. Students found responsible for violating university policy will be issued an Administrative Disposition (in accordance with Sec. 11-501(b)(2)).
b. Following the presentation of an Administrative Disposition, a student may choose to:
    1. Accept the finding and assessed sanctions;
    2. Accept the finding, but appeal the assessed sanctions with a written appeal to an Appellate Officer; or,
    3. Contest the finding in a hearing if the sanction proposed by Student Conduct included:
        a. reduced or no credit on the assessment(s) in question;
        b. reduced or failing final grade for the course in question;
        c. bar against readmission, bar against enrollment, withdrawal from the University or from a period of enrollment, and/or drop from one or more classes;
        d. Suspension; or
        e. Expulsion
c. If the assessed sanctions do not include reduced or no credit on the assessment(s) in question, reduced or a failing final grade for the course in question, Suspension, or Expulsion, a student may contest the finding with a written appeal to an Appellate Officer.
d. A student may request a hearing (if eligible under Sec. 11-505(b)(3)) before a Hearing Officer for behavioral or academic misconduct, or before Student Conduct Panel for academic misconduct only, in which the sanction proposed by Student Conduct did not include separation from the university or a reduced or failing course grade.
    1. The student must request a hearing and select their choice of either a Hearing Officer or a Student Conduct Panel within five (5) days of receipt of the Administrative Disposition. If a student requests a hearing but fails to choose their preference of hearing body, a Hearing Officer will be assigned after the 5-day deadline.
e. If the student's selected option of either a Hearing Officer or a Student Conduct Panel is unavailable within 14 days, the Dean of Students reserves the right to override the student's selection in order to ensure a timely resolution of the case.

f. If a student fails to inform Student Conduct of their decision within five (5) days of receiving the Administrative Disposition, and their case (as determined by Sec. 11-505(b)(3)) is:
   1. Not hearing-eligible – the finding and sanction(s) assessed by Student Conduct will be formally adopted and the student must comply with the assessed sanctions;
   2. Hearing-eligible – Student Conduct will proceed with a hearing before a Hearing Officer.

g. If a student fails to complete an assigned sanction, Student Conduct may place a registration hold on the student's registration and/or pursue a separate rule violation under Sec. 11-402(a)(16)(C).
h. A student who has been issued an Administrative Disposition may request additional time from Student Conduct to make their choice regarding responsibility or, if applicable, whether their hearing will be heard by a Hearing Officer or a Student Conduct Panel. Student Conduct will determine whether a postponement will be granted based upon the reason shared by the student and will notify the student of the decision and new deadline as soon as possible.

### Sec. 11–506. Academic Investigations, Course Withdrawals, and Grade Adjustments

a. A student who is alleged to have engaged in academic misconduct, and who is still enrolled in the class associated with the allegation, may not withdraw from the class while the conduct process is ongoing.
b. A student who is alleged to have engaged in academic misconduct, and who has been granted a withdrawal from the class associated with the allegation, will have the withdrawal rescinded and will be re-enrolled in the class while the conduct process is ongoing.
   a. If the class from which the student has withdrawn has completed prior to an allegation of academic misconduct, the withdrawal shall be rescinded and a grade of X will be recorded while the conduct process is ongoing.
   b. Should the student be found not responsible for engaging in academic misconduct, the previously granted withdrawal will be reinstated.

c. Any student found responsible for academic misconduct and issued any sanction(s) will not be eligible to withdraw from the class associated with the violation or change the course grade to Pass/Fail or Credit/No Credit.
   a. A student who had withdrawn from a class and was subsequently re-enrolled, and who is found responsible for committing academic misconduct, will be assigned a grade in accordance with the assigned sanction(s) and the student's performance in the course.

d. Notwithstanding Sec. 11-507(a), a student may seek permission to drop a course where an academic violation has been alleged or determined if there are exceptional circumstances, including but not limited to medical withdrawal, and where both Student Conduct and academic college approve of the withdrawal.
e. The Dean of Students encourages all Faculty Members to submit referrals of academic misconduct allegations in a timely manner. It is recommended that Faculty Members submit referrals of academic misconduct allegations no more than 30 days after the reporting Faculty Member becomes or should reasonably have become aware of the alleged violation.

### Sec. 11-508. Amnesty and Immunity

a. Amnesty
   1. Alcohol and Drug Amnesty
      A. The University empowers students to prevent high-risk behavior by seeking help for fellow students and community members who are experiencing a medical emergency due to drug or alcohol consumption. A student who seeks emergency medical assistance for themselves or others experiencing a medical emergency due to drug or alcohol consumption may qualify for amnesty from formal disciplinary action under this Chapter, provided the student satisfies all three of the following conditions:
         i. Contacts emergency, medical, law enforcement, and/or university personnel promptly for assistance;
         ii. Remains with the person experiencing the medical emergency until medical assistance arrives; and,
         iii. Cooperates with all emergency and law enforcement personnel.

      B. Eligibility for amnesty, as outlined above, also applies to the student experiencing the medical emergency due to drug or alcohol consumption.
      C. Student Conduct will evaluate a student's eligibility for amnesty under this Chapter on a case-by-case basis; amnesty is not guaranteed. Students may receive amnesty under this policy on more than one occasion.
      D. Students eligible for amnesty will be required to participate in an educational program and may be referred for individual drug and/or alcohol counseling, but may otherwise avoid formal disciplinary action under this Chapter. Student records related to a grant of amnesty are not considered disciplinary records by the University. Students who receive amnesty but decline or fail to complete the educational component may become subject to formal disciplinary action under this Chapter.
      E. This amnesty policy applies only to university rules and policies; it does not preclude or prevent law enforcement from taking legal actions. Amnesty does not apply to other prohibited behavior such as the sale of an illegal drug or narcotic.

   2. Amnesty Policy for Students Reporting Certain Violations
      A. Consistent with Texas Education Code Section-51.284, the University will not take any disciplinary action against a student who in good faith reports to the institution being the victim of, or witness to, an incident of sex discrimination, sexual harassment, sexual assault, interpersonal violence (domestic violence and dating violence), stalking, or other HOP 3-3031 related allegations, provided the alleged conduct of the reporting student occurred at or near the time of the reported incident, regardless of where the incident occurred or the outcome of the conduct process.
      B. Eligibility for amnesty under this section shall be determined by Student Conduct, is final, and may not be appealed.
      C. This policy does not apply to a student who reports their own commission or assistance in the commission of any prohibited conduct as defined in HOP 3-3031.

b. Immunity
   1. Immunity from Institutional Discipline
      A. In an effort to encourage reporting of hazing incidents, the Dean of Students, at their discretion and through written agreement, may grant immunity from University disciplinary action under Chapter 11 of the Institutional Rules to a person who voluntarily reports a specific hazing event, if the person cooperates in good faith by providing a complete and factual account of the incident(s) throughout the conduct process, and either:
         i. reports the indecent(s) before being contacted by the Dean of Students concerning the incident(s) or otherwise being included in the University's investigation of the incident(s); or,
         ii. reports the incident after being contacted by the Dean of Students concerning the incident or otherwise being included in the University's investigation of the incident, and was a victim of the hazing conduct.

      B. A person will not be granted immunity under subsection 15-508(b)(1) if the person:

i. reports the person's own act of inflicting hazing;
ii. reports an incident of hazing in bad faith or with malice as determined by the Dean of Students; or
iii. reports the incident after being contacted by the Dean of Students concerning the incident or otherwise being included in the University's investigation of the incident, and was not the victim of the hazing.

C. The Dean of Students may revoke the immunity granted under subsection 11-508(b)(1) and initiate disciplinary action in accordance with Chapter 11 of the Institutional Rules if the person:
i. is found to have conducted the hazing activity under investigation.
ii. fails to cooperate fully and in good faith, as determined by the Dean of Students, by providing a complete and factual account of the incident(s) throughout the conduct process regarding the incident(s); or
iii. otherwise acts in bad faith or with malice as determined by the Dean of Students

### Sec. 11-509. Grade Assignments and Class Participation During Conduct Process

In instances where a student is accused of academic misconduct, Faculty Members shall: allow for the accused student's continued participation in the course during resolution of the conduct process and shall assign a grade of Incomplete ("X") for the accused student if the course concludes prior to the case's resolution. After receiving confirmation that the matter has been fully resolved, the Faculty Member shall make all timely and reasonable efforts to accurately adjust the student's grade, such that any impact on registration, course enrollment, and/or graduation is minimized. In instances where the student would otherwise graduate, Student Conduct shall take reasonable steps to expedite resolution of the matter to reduce the potential impact on the student.

## Subchapter 11–600. Hearing

### Sec. 11–601. Duties of the Hearing Officer and Student Conduct Panel Foreperson

a. The Hearing Officer or Student Conduct Panel Foreperson shall:
1. preside over the hearing;
2. determine whether Student Conduct has satisfied the requirements of Sec. 11–602;
3. hear objections and make decisions during the hearing;
4. determine the admissibility of evidence;
5. facilitate the hearing process, which includes the authority to mute (in a virtual setting) or remove (whether virtual or in-person) anyone from the hearing who is disrupting the process;

b. The Hearing Officer shall:
1. issue a written decision, in accordance with Sec. 11-609, that identifies the findings of fact and Responsibility Decision to the Dean of Students.

c. The Student Conduct Panel Foreperson shall:
a. issue a written recommendation that identifies findings of fact and Responsibility Recommendation to the Dean of Students.

### Sec. 11–602. Duties of Student Conduct

a. Student Conduct shall:
1. determine the date, time, and location of the hearing and provide notice in accordance with Sec. 11-201 and Sec. 11-604 of this Chapter;
2. arrange for the hearing to be recorded; and
3. establish hearing procedures that include, but are not limited to, deadlines for submission of supporting documentation/evidence, a list of witnesses to be called by the student, the role of the advisor, and hearing logistics. Hearing procedures will be provided to the student along with the hearing notice and are available on the Student Conduct website.

### Sec. 11–603. Student Rights and Responsibilities

a. An accused student has the right to:
1. have an advisor at the hearing;
2. challenge the objectivity of the Hearing Officer or the members of the Student Conduct Panel designated to hear the charges at least two (2) days prior to the hearing (in accordance with Sec. 11-606);
3. know the identity of each witness who will participate in the hearing;
4. present documentation, witness testimony, and other supporting information for consideration in the hearing process;
5. provide a personal statement or account of the incident in question;
6. question each witness who appears at the hearing; and,
7. appeal a disciplinary decision in accordance with Subchapter 11-800.

### Sec. 11–604. Notice of Hearing

a. Student Conduct will notify the accused student of the date, time, and location of the hearing with a hearing notice sent to the student in accordance with Sec. 11-201 of this Chapter at least five (5) days before the hearing date.
b. Notice sent under subsection 11–604(a) will:
1. state the time, date, and location of the hearing;
2. contain the name of the Hearing Officer or the names of the members of the Student Conduct Panel appointed to hear the matter;
3. contain the names of Student Conduct's witnesses who may testify against the accused student;
4. include a list of documentation and evidence that may be presented by Student Conduct during the hearing; and,
5. contain a copy of the complaint, which outlines the alleged violation(s).

c. In situations where a student fails to attend a scheduled hearing, the Hearing Officer or Student Conduct Panel will determine if Student Conduct provided notice in accordance with Sec. 11-604, and if so, will proceed with the hearing without the student's participation.

### Sec. 11–605. Preliminary Matters for a Hearing

a. **Multiple Charged Students:** Allegations against more than one student that arise out of a single incident or course of conduct may be heard together.
1. A student may request a separate hearing in writing directly to Student Conduct.
2. Student Conduct will determine whether to grant the request.

b. A least two (2) days before the hearing date, the accused student must provide the following information, if any, to Student Conduct:

1. A list of any witnesses the student may call to participate in the hearing. The list must include a summary of each witness's connection to the case;
2. Copies of any supporting documentation the student intends to use in the hearing; and
3. The name of their advisor, if any, and the advisor's relationship to the student.

c. **Other Advisors:** The Hearing Officer, Student Conduct Panel, and Student Conduct are entitled to advice and legal counsel from The University of Texas System Office of General Counsel and/or The University of Texas at Austin's Office of the Vice President for Legal Affairs, and may request their presence at a hearing or a meeting with a student.

d. **Hearing Postponement:** An accused student may request a hearing postponement from Student Conduct. The student must provide a reason for the requested postponement, including, but not limited to, a procedural error, an emergency situation, or a documented academic impact that would prevent the student from participating in the hearing. Student Conduct will determine whether or not a postponement will be granted based upon the reason shared by the student, and will notify all parties of the decision as soon as possible.
   1. A postponement must be requested by the student in advance of the hearing date or the hearing will proceed without the student's participation.
   2. In instances where an accused student is unable to request a postponement due to incapacity or emergent situation, Student Conduct may postpone the hearing for good cause and on their behalf.

### Sec. 11–606. Challenges to the Hearing Officer or Members of the Student Conduct Panel

a. A student may challenge the fairness, impartiality, or objectivity of a Hearing Officer or any member of the Student Conduct Panel but is not entitled to disqualify that person from serving. The challenge must be:
   1. in writing,
   2. state the reasons for the challenge, and
   3. be submitted to the Hearing Officer or the Panel Foreperson through Student Conduct at least two (2) days prior to the hearing.

b. The hearing officer or the challenged members(s) of the Student Conduct Panel will determine independently or with the assistance of an advisor whether they can serve with fairness, impartiality, and objectivity, and will communicate their determination in a written response. If the challenged person disqualifies themself, another Hearing Officer or Student Conduct Panel member will be appointed by Student Conduct.

### Sec. 11–607. Hearing Procedure

a. In accordance with Sec. 11-602, Student Conduct will establish hearing procedure and share that procedure with the student in advance of the hearing. Hearing procedures are posted on the Student Conduct website.

### Sec. 11–608. Evidence in Hearings

a. Legal rules of evidence do not apply to university hearings for alleged violations of the Institutional Rules.
b. All university hearings shall use the "preponderance of the evidence" standard, defined in Sec. 11-102(d) as that which is "more likely to have occurred than not".
c. Student Conduct has the burden of providing evidence and proving the charges by the preponderance of the evidence.
d. During the hearing, the Hearing Officer or the Foreperson of the Student Conduct Panel may admit evidence, including testimony and documentary evidence. The Hearing Officer or the Foreperson of the Student Conduct Panel may exclude irrelevant, immaterial, and unduly repetitious evidence. All evidence admitted during the hearing will be made a part of the record.
e. Any party that provides testimony at a hearing, including the accused student and the Student Conduct case administrator, is subject to questioning from the accused student, Student Conduct, and the Hearing Officer or Student Conduct Panel.

### Sec. 11–609. Disciplinary Decision

a. The Hearing Officer will render a written Responsibility Decision that includes whether the student is believed to be responsible for a violation of policy and the facts in support of the finding. The Responsibility Decision will be submitted to the Dean of Students for sanctioning. The Hearing Officer shall complete the written Responsibility Decision within five (5) days of the hearing. If the Hearing Officer is unable to issue the written Responsibility Decision within five days, they shall provide notice of the delay to the student, Student Conduct, and the Dean of Students. Student Conduct will establish the new deadline for submission of the decision.
b. The Foreperson of the Student Conduct Panel will render a written recommendation, reflective of the majority of the Student Conduct Panel, that includes whether the student is believed to be responsible for a violation and the findings of fact in support of the Responsibility Recommendation. The recommendation will be submitted to the Dean of Students for final Disciplinary Decision, including sanction(s), if applicable. The Responsibility Recommendation will be submitted to the Dean of Students for sanctioning. The Foreperson of the Student Conduct Panel shall complete the written Responsibility Recommendation within five (5) days of the hearing. If the Foreperson of the Student Conduct Panel is unable to issue the written Responsibility Recommendation within five days, they shall provide notice of the delay to the student, Student Conduct, and the Dean of Students. Student Conduct will establish the new deadline for submission of the decision.
c. The Dean of Students will render a written Disciplinary Decision, which includes the Responsibility Decision and Sanction(s). The student and Student Conduct will each be given a copy of the decision. The written decision is the official outcome on the matter from which any appeal is based.
d. The Dean of Students shall complete the written Disciplinary Decision within five (5) days of receipt of the Hearing Officer's Responsibility Decision or Student Conduct Panel's Responsibility Recommendation. If the Dean of Students is unable to issue the written Disciplinary Decision within five days, they shall provide notice of the delay to the student and Student Conduct. Student Conduct will establish the new deadline for submission of the decision.
e. In cases involving allegations of crimes of violence, as defined in the Family Educational Rights and Privacy Act (FERPA) and other applicable law, Student Conduct shall notify the alleged victim(s) of the final outcome.
f. Student Conduct may also disclose information regarding student conduct matters, as needed, in conformance with FERPA.

### Sec. 11–610. Hearing Record

a. The hearing record shall include, but is not limited to:
   1. a copy of the notice required under Sec. 11–604;
   2. the recording of the hearing
   3. all evidence admitted under Sec. 11–608;
   4. a copy of the complaint/hearing letter; and
   5. Hearing Officer's Responsibility Decision or Student Conduct Panel's Responsibility Recommendation.

## Subchapter 11–700. Sanctions

### Sec. 11–701. Authorized Disciplinary Sanctions

a. Student Conduct, under Subchapter 11–500, or Dean of Students after a hearing under Subchapter 11–600, may impose one or more of the following sanctions for violation of this Chapter:
   1. written warning;
   2. disciplinary probation;
   3. educational sanction;
   4. restorative practice;
   5. bar against readmission;
   6. bar against enrollment;
   7. withdrawal from one or more classes;
   8. restitution or reimbursement for damage to or misappropriation of University or University of Texas System property;
   9. suspension of rights and privileges, including, but not limited to, a bar from participating in athletic or extracurricular activities or residing in or entering university housing;
   10. deferred suspension;
   11. suspension from the University for a specified period of time;
   12. expulsion (permanent separation from the University);
   13. other sanction or sanctions as deemed appropriate under the circumstances.

b. Student Conduct or the Dean of Students may consider mitigating and/or aggravating factors, including but not limited to a student's prior conduct, when determining proportionate sanctions in response to the finding of a violation.
c. If a violation of the University's Institutional Rules is committed because of the race, color, religion, national origin, age, disability, citizenship, veteran status, of a student or students directly harmed by the violation, or constitutes antisemitism as that term is defined at Sec. 13-104(2) of the Institutional Rules, such a discriminatory purpose will be treated as an aggravating factor for the purpose of determining the appropriate sanction or sanctions under subsection 11-701(a). For a complete set of cross-references to all regulation of harassment on the campus, see subsection 13-204 (covering verbal harassment) of the Institutional Rules, and 3-3020 and 3-3031(V)(D) (covering harassment based on gender, sexual orientation, gender identity, or gender expression) of the Handbook of Operating Procedures.

### Sec. 11–702. Authorized Academic Sanctions

a. When a student is found responsible for academic misconduct, as defined in Sec. 11-401, either through an Administrative Disposition from Student Conduct issued in accordance with Sec. 11–505, or after a hearing from the Dean of Students, administered in accordance with subchapter 11–600, Student Conduct or the Dean of Students may impose any of the following sanctions:
   1. Academic integrity probation;
   2. no credit or reduced credit for the graded assessment in question;
   3. retaking of examination or resubmission of assignment;
   4. failing or reduced final grade for the course in question.

b. Student Conduct or the Dean of Students may also impose any of the disciplinary sanctions listed in Sec. 11–701.
c. If a student is found responsible for academic misconduct, as defined in Sec. 11-401, and in accordance with Sec. 11-505, Sec. 11-506, or after a hearing in accordance with Subchapter 11-600, and is also enrolled in an academic program requiring (1) a supplemental application in conjunction with application to UT Austin, (2) a minimum grade point average to matriculate through the program as defined in the Undergraduate Catalog, and (3) a signed commitment to adhere to a program-specific honor code and/or code of conduct, removal from the program will be considered by Student Conduct as a potential sanction.

### Sec. 11–703. Pending Actions

Student Conduct may withhold an official transcript, grade, diploma, or degree of a student found to have violated a rule or regulation of The University of Texas System or the University that would reasonably allow the imposition of such sanction. Student Conduct may take such action pending a hearing, resolution by Administrative Disposition, and/or exhaustion of appellate rights when, in the opinion of Student Conduct, the best interests of The University of Texas System or the University would be served by this action.

### Sec. 11-704 Authorized Sanction Definitions

a. **Withdrawal, Bar from Readmission/Re-enrollment –** As appropriate under the circumstances, Student Conduct or the Dean of Students may impose a bar against the student's readmission or enrollment, may drop the student from one or more classes, or may withdraw the student from the University or from a period of enrollment. This bar may be temporary or permanent in nature. One or more of these sanctions may also be imposed on a student who fails to respond to a meeting notice from Student Conduct to discuss an alleged violation of the Regent's *Rules and Regulations*, university regulation, administrative rules, or the University's expectations of conduct. If imposed for failure to respond to a meeting request, the sanction or sanctions may be reversed when the student responds to the request. A bar from readmission or reenrollment will be noted on the student's official transcript in accordance with Sections 9-301 and 9-402 of the Institutional Rules.
b. **Written Warning –** Notification to the student that they have engaged in behavior that violated a rule or regulation of The University of Texas System or the University and that further violation(s) of the regulations may result in more severe disciplinary action.
c. **Disciplinary Probation –** A specified period of time during which the student is required to comply with specified terms and conditions that include not engaging in further conduct that would violate a rule or regulation of The University Texas System or the University. Further violation or violations will result in consideration of suspension.
d. **Academic Integrity Probation –** A specified period of time during which the student is required to comply with specified terms and conditions that include not engaging in further academic conduct that would violate a rule or regulation of The University Texas System or the University. Further academic violation or violations during this time could result in additional sanctions, which may include the student's suspension or expulsion.
e. **Educational Sanction –** Student Conduct or the Dean of Students may impose conditions related to the violation, such as counseling, educational seminars, or educational assignments.
f. **Restorative Practice** – An agreement that offers students found in violation of the Institutional Rules the opportunity to take ownership of their decisions, to be held accountable for their actions, and to work collaboratively to repair any harm caused to the impacted party and/or the university community. Examples of Restorative Practice include, but are not limited to, conferences, circles, and/or an educational coaching session.
   1. Eligibility for Restorative Practice as a sanction shall be determined at the discretion of Student Conduct, and will be based upon a number of factors including the category and severity of the conduct of the responsible student. Additionally, the responsible student must voluntarily agree to participate in Restorative Practice and accept responsibility for their conduct.

g. **Restitution –** Reimbursement for damage to or misappropriation of university property. Reimbursement may take the form of appropriate service to repair or otherwise compensate for damages. Other than in extraordinary circumstances deemed necessary by Student Conduct, the University will not facilitate restitution between individuals for conduct-related occurrences.
h. **Suspension of Rights and Privileges –** Student Conduct or the Dean of Students may impose limitations to fit the particular case, as in the suspension of rights and privileges to enter or reside in university housing facilities. Suspension of eligibility for official athletic and nonathletic extracurricular activities prohibits the student on whom it is imposed, during the period of suspension, from joining a registered student organization; from taking part in a registered student organization's activities or attending its meetings or functions; and from participating in an official athletic or nonathletic extracurricular activity.
i. **Academic Sanction –** A failing grade or other academic sanction may be assigned to a student for a class in which they are found to have violated the University's regulations regarding academic misconduct.
j. **Rescission of Degree –** The University may rescind a degree already conferred where it has been determined, in accordance with the procedures outlined in this chapter, that the degree holder, while enrolled as a student and while in the process of completing their degree requirements, engaged in academic misconduct, as defined in the University's Institutional Rules, and where a finding of that violation also affects whether the degree holder completed the applicable degree requirements.
k. **Deferred Suspension –** Permits the sanction of suspension to be deferred for a student where mitigating circumstances can be identified and determined by Student Conduct or the Dean of Students. If a student is found to have violated any rule of the University or The University of Texas System while the sanction of deferred suspension is in effect, the sanction for such a violation may be immediate suspension except in extraordinary circumstances as deemed appropriate by Student Conduct. Student Conduct or the Dean of Students may impose conditions related to the violation, and failure to meet such conditions will be considered an additional violation.
l. **Suspension –** Prohibits the student on whom it is imposed, during the period of suspension, from entering the university campus without prior written approval from the Vice President for Student Affairs, being initiated into an honorary or service organization, and receiving credit for academic work done during the period of the suspension. Suspension is noted on the student's official transcript in accordance with Sections 9-301 and 9-402 of the Institutional Rules. Suspension may also prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. Student Conduct, the student's home department or school, and/or the Office of the Registrar may permit the student to receive credit for academic work completed at another institution during the period of suspension, except in cases where suspension is imposed for academic misconduct.
m. **Expulsion –** A permanent separation from the University which prohibits the student on whom it is imposed from entering the university campus without prior written approval from the Vice President for Student Affairs. Expulsion may prohibit the student from being admitted to, enrolling at, or entering the campus of another component institution of The University of Texas System without prior written approval of the chief student affairs officer of the institution at which the student wishes to be present. A permanent notation of expulsion will also be placed on the student's official transcript in accordance with Sections 9-301 and 9-402 of the Institutional Rules.
n. Sanctions not listed in this section may be imposed when, in the opinion of Student Conduct or the Dean of Students, the best interests of The University of Texas System or the University would be served.

## Subchapter 11–800. Appeal

### Sec. 11–801. Request for Appeal

a. The accused student may request to appeal:
    1. a finding of responsibility and sanction(s) assessed by Student Conduct in an Administrative Disposition to an Appellate Officer, in accordance with Sec. 11-802(b) of this Chapter, where the sanction(s) assessed render the case ineligible for a hearing, in accordance with Sec. 11-505(b)(3);
    2. only the sanction(s) assessed by Student Conduct in an Administrative Disposition to an Appellate Officer, in accordance with Sec. 11-802(c) of this Chapter;
    3. a finding of responsibility and sanction(s) assessed as a result of a hearing decision to an Appellate Officer, in accordance with Sec. 11-803 of this Chapter.

b. Either Student Conduct or the student may request to appeal a hearing outcome to the Appellate Officer.
c. The accused student or Student Conduct may appeal an Administrative Disposition or Disciplinary Decision based only on one or more of the following grounds:
    1. Significant procedural error inconsistent with the processes as outlined in subchapters 11-500 and 11-600.
    2. Discovery of any new information unknown or not reasonably foreseeable to the accused student or Student Conduct at the time of the hearing that was material to and could have reasonably impacted the Disciplinary Decision.
    3. The sanction(s) determined by Student Conduct or the Dean of Students are significantly disproportionate to the violation.

d. The Appellate Officer shall first determine if sufficient grounds for appeal exist under section 11-801(d). The Appellate Officer shall take no more than (5) five days to make this initial determination. If the Appellate Officer is unable to make an initial decision within (5) five days, they shall provide notice of the delay to all parties and the new date for completion.
    1. If sufficient grounds do not exist, the Appellate Officer will deny the request for appeal thereby sustaining the original decision.
    2. If the Appellate Officer determines that sufficient grounds for appeal exist, the Appellate Officer will notify the non-appealing party that they may provide a response to the appeal in no more than five (5) days.
    3. After those five (5) days, the Appellate Officer will review the appeal and any response in full and issue a final decision.

### Sec. 11–802. Appeal of Administrative Disposition by Student Conduct

a. An Administrative Disposition, presented in accordance with Sec. 11-501(b)(2), and in which the student agrees to both the finding of responsibility and the sanction(s) assessed by Student Conduct, is final and is not eligible for appeal.
b. In instances where a matter has been determined ineligible for a hearing, in accordance with Sec. 11-505(b)(3), the student may appeal a finding of responsibility and/or sanction(s) assessed by Student Conduct in an Administrative Disposition by submitting a written appeal to the Appellate Officer within five (5) days from the date on which the student signed the Administrative Disposition. Appeals submitted after 5:00 pm will be received the next day. The written appeal must cite at least one of the three grounds for appeal, as outlined in Sec. 11-801(d), and must include any related argument.
c. A student who accepts a finding of responsibility, as determined in an Administrative Disposition, but chooses to contest only the sanction(s) assessed, in accordance with Sec. 11-505(b)(2), may submit a written appeal to the Appellate Officer within five (5) days from the date on which the student signed the Administrative Disposition. Appeals submitted after 5:00 pm will be received the next day. The written appeal may only cite 'Disproportionate Sanctions' (Sec. 11-801(d)(3)) as the basis for the appeal, and must include any related argument. The appeal is restricted to the assessed sanction(s).
d. If the accused student does not submit a written appeal to the Appellate Officer by the deadline, the sanction(s) will become final, and all rights to appeal will be waived.

e. Student Conduct may also submit a written response to the appeal to the Appellate Officer. The response, if any, must be submitted no later than five (5) days after the Appellate Officer informs Student Conduct that the accused student's appeal has adequately raised an appellate issue, in accordance with Sec. 801(d). Student Conduct must provide a copy of the response to the accused student. The appeal of the sanction(s) assessed by Student Conduct will be reviewed solely on the basis of the Administrative Disposition, the written argument of the student, and the response to the appeal submitted by Student Conduct, if any. Oral argument will not be considered.
f. The appeal of the sanction(s) assessed by Student Conduct will be reviewed solely on the basis of the Administrative Disposition, the student's written appeal submission, and the response to the appeal submitted by Student Conduct, if any. Oral argument will not be considered.
g. The decision of the Appellate Officer will be communicated in writing to the accused student and Student Conduct no more than ten (10) days after Student Conduct's appeal response has been received by the Appellate Officer. If the Appellate Officer is unable to issue the written decision within ten (10) days, the Appellate Officer shall contact both the accused student and Student Conduct with notice of the delay. Student Conduct will determine a new deadline for completion.
h. An appeal that is granted for the appellant based on Section 11-801(d)(1) (Procedural Error) or Section 11-801(d)(2) (New Information) of the Institutional Rules may be remanded to Student Conduct for reconsideration or further investigation.
i. When an appeal of an Administrative Disposition is granted for the appellant based on Section 11-801(d)(3) (Disproportionate Sanction(s)) of the Institutional Rules, the Appellate Officer may alter the sanction(s) or remand the case with recommendations for reconsideration or further action.
j. The decision of the Appellate Officer shall be final and will conclude the appellate process.

### Sec. 11–803. Appeal of Disciplinary Decisions Resulting from a Hearing

a. Either the accused student or Student Conduct may appeal the disciplinary decision by submitting a written appeal to the Appellate Officer within five (5) days from the date the appealing party was notified of the disciplinary decision. Appeals submitted after 5:00 pm will be received the next day. The written appeal must cite at least one of the three grounds for appeal, as outlined in subsection 11-801(d), and must include any related argument.
b. If Student Conduct submits an appeal, Student Conduct will provide the accused student with a copy of the appeal submitted to the Appellate Officer on the same day that Student Conduct submits the appeal to the Appellate Officer. Following submission of the appeal to the Appellate Officer, the non-appealing party may submit a written response to the Appellate Officer no later than five (5) days after the Appellate Officer informs the non-appealing party that the appeal has adequately raised an appellate issue, in accordance with Sec. 801(d). The non-appealing party must provide a copy of the response to the other party.
c. The appeal of the disciplinary decision will be reviewed solely on the basis of the hearing record; the written appeal submission; and any documents submitted by the non-appealing party's response to the appeal, if any. Student Conduct will submit the record from the hearing to the Appellate Officer as soon as it is available to Student Conduct.
d. The decision of the Appellate Officer will be communicated in writing to the accused student and Student Conduct within ten (10) days after receipt of the non-appealing party's appeal response by the Appellate Officer. If the Appellate Officer is unable to issue the written decision within ten (10) days, the Appellate Officer shall contact both the accused student and Student Conduct with notice of the delay. Student Conduct will determine a new deadline for completion.
e. When an appeal that is granted for the appellant based on Section 11-801(d)(1) (Procedural Error) or Section 11-801(d)(2) (New Information) of the Institutional Rules may be remanded to Student Conduct for reconsideration, rehearing, or further investigation. When an appeal is granted for the appellant based on Section 11-801(d)(3) (Disproportionate Sanction(s)) of the Institutional Rules, the Appellate Officer may alter the Sanction or remand the case with recommendations to Student Conduct to modify the Sanction(s). Such Sanction determination shall be final.
f. When an appeal of a disciplinary decision is granted for the appellant based on Section 11-807(d)(3) (Disproportionate Sanction(s)) of the Institutional Rules, the Appellate Officer may alter the sanction or remand the case with recommendations to Student Conduct for reconsideration, rehearing, or further investigation.
g. The decision of the Appellate Officer shall be final and will conclude the appellate process.

### Sec. 11–804. Effect of Appeal Upon Disciplinary Action

A timely appeal suspends the imposition of the sanction(s) until the appeal is final, but any interim action issued in accordance with Sec. 11-502 will remain in effect while the appeal is being considered. Official transcripts, diplomas, grades, or degrees may also be withheld pending conclusion of the appeal, as permitted by subsection 11–703(a).

## Subchapter 11–900. Disciplinary Records

### Sec. 11–901. Details of Disciplinary Records

a. The definition of a Disciplinary Record is listed in Subchapter 9-300 and Sec. 11-300(12). Disciplinary records are confidential and may not be disclosed in whole or part except as provided in subchapter 9–300 of the Institutional Rules.
b. The Disciplinary Record will be separate from the student's academic record, will be confidential, and will not be revealed except on request of the student or in accordance with applicable state and federal law, or as otherwise provided in subchapter 9-300.

### Sec. 11–902. Notice to Administrative Offices

a. Student Conduct will notify the Office of the Registrar and other appropriate administrative offices if a disciplinary sanction restricts a student from being enrolled at the University during the period of the sanction. A bar may be imposed by Student Conduct if one of the following sanctions has been assessed because of violation of a Regents' *Rule* or university rule or regulation:
    1. bar against readmission or bar against reenrollment;
    2. suspension from the University; or
    3. expulsion from the University.

b. Student Conduct will notify the Office of the Registrar and other appropriate administrative offices if any of the following sanctions are imposed: withholding grades, withholding official transcript or degree, denial of degree, or revocation of degree and withdrawal of diploma.

### Sec. 11–903. Maintenance of Disciplinary Records

a. Disciplinary Records shall be maintained in accordance with Sec. 9-301.
b. A Disciplinary Record indicating an unresolved case (i.e., where a student has failed to respond to a summons, or where a student has failed to complete all assessed sanctions) shall be maintained by the University until such time as the case is resolved, at which point it will be maintained in accordance with Sec. 9-301.

Case 1:25-cv-01411-DAE Document 30-15 Filed 10/02/25 Page 13 of 13

Relates to *Handbook of Operating Procedures*, 3-3031.

Updated September 2025 to reflect policy changes effective September 1, 2025.